IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUCIA T. VALDEZ, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-3439 |
| § | | |
| SUNTRUST MORTGAGE, INC., § | | |
| *et al.*, § | | |
|    Defendants. § | | |

## **MEMORANDUM AND ORDER**

This foreclosure case is before the Court on the Motion to Dismiss [Doc. # 6] filed by Defendants SunTrust Mortgage, Inc. ("SunTrust"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Mortgage Electronic Registration Systems, Inc. ("MERS").  Plaintiff Lucia T. Valdez filed a Response [Doc. # 7], and Defendants filed a Reply [Doc. # 8].  Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss.

**I.    BACKGROUND**

In 2008, Plaintiff executed a Promissory Note ("Note") in connection with the purchase of real property in Houston, Texas.  The Note is secured by a Deed of Trust, identifying Plaintiff as the Borrower, SunTrust as the Lender, and MERS as "a nominee for Lender and Lender's successors and assigns" and as "the beneficiary under this Security Instrument."  *See* Deed of Trust, Exh. B to Plaintiff's Response.

Michael C. Barrett was named as the Trustee, and the Deed of Trust was recorded in Harris County.

In 2011, MERS, as the original nominee for SunTrust, its successors and assigns, and as beneficiary, assigned the Deed of Trust to SunTrust. *See* Corporate Assignment of Deed of Trust, Exh. C to Plaintiff's Response. The Assignment was recorded in Harris County.

Plaintiff defaulted on the Note and SunTrust posted the Property for foreclosure. Foreclosure proceeded in February 2013, and Freddie Mac purchased the property at that time. *See* Substitute Trustee's Deed dated February 14, 2013, Exh. M to Plaintiff's Response.

On October 30, 2013, Plaintiff filed this lawsuit in the 215th Judicial District Court of Harris County, Texas. Plaintiff asserted a claim for declaratory judgment, a wrongful foreclosure claim based on the assertion that SunTrust lacked standing to foreclose, and a claim to quiet title. On November 20, 2013, Defendants filed a timely Notice of Removal. Defendants then filed their Motion to Dismiss, which has been fully briefed and is ripe for decision.

## II.     STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d

770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Documents that are submitted in connection with a motion to dismiss may be considered if they are referred to in the complaint and are central to her claim. *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). These are documents presumably whose authenticity no party questions. *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the

3

Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity).

### III. ANALYSIS

#### A. Declaratory Judgment Claim

Plaintiff seeks a declaratory judgment that SunTrust had no authority to foreclose on the Deed of Trust and that Plaintiff is entitled to exclusive possession of the property. The documents attached to Plaintiff's Response, however, demonstrate that SunTrust was the assignee of the Deed of Trust and had authority to foreclose.

Plaintiff's documents show that MERS was the original beneficiary under the Deed of Trust. As the original beneficiary under the Deed of Trust, MERS is an original mortgagee. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013). As the beneficiary of the Deed of Trust, MERS had the right to foreclose and sell the Property upon default. *See id.* (citing TEX. PROP. CODE § 51.0001(4)(A)). Under the Deed of Trust, MERS has the authority to assign its rights. *See* Deed of Trust, Exh. B to Plaintiff's Response; *See also Wilson v. Bank of New York Mellon*, 2013 WL 5273328, *6 (N.D. Tex. Sept. 18, 2013) (citing TEX. PROP. CODE § 51.0001(4)(A)).

MERS had the right, pursuant to the Deed of Trust, to assign its rights thereunder. *See id.*, ¶ 20. MERS exercised that right in 2011, assigning the Deed of

Trust to SunTrust.[1] *See* Corporate Assignment of Deed of Trust, Exh. C to Response. After the assignment from MERS, SunTrust became the new mortgagee and acquired all of MERS's rights under the Deed of Trust. *See Wilson,* 2013 WL 2573328 at *6. As a result, SunTrust had the right to foreclose under the Deed of Trust, and Plaintiff's declaratory judgment claim is dismissed.

### B. Wrongful Foreclosure Claim

"The three elements of a wrongful foreclosure are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing*, 722 F.3d 249, 256 (5th Cir. 2013). Plaintiff has failed to allege a grossly inadequate selling price. Indeed, Plaintiff alleges and her evidence submitted with her Response show that Plaintiff paid $278,350.00 for the property. *See* Original Petition [Doc. # 1-1], ¶ 23; General Warranty Deed, Exh. A to Response. At foreclosure, the property was sold to Freddie Mac for $266,900.00. *See* Original Petition, ¶ 11; Substitute Trustee's Deed, Exh. M

---

[1] Plaintiff challenges the validity of the assignment, asserting that the individual who signed the assignment on behalf of MERS was an employee of SunTrust, and that her signature on the assignment in this case appears was "robo-signed." *See* Original Petition [Doc. # 1-1], ¶¶ 33-36. Even if these allegations were true, the assignment would be merely voidable, not void. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 722 F.3d 700, 706–07 (5th Cir. 2013); *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976) (holding that a contract executed by a person falsely claiming to be a corporate officer is voidable by the defrauded corporation). Because the alleged deficiencies in the assignment would render it voidable, Plaintiff has no standing to challenge MERS's assignment. *See Reinagel*, 722 F.3d at 706-07.

Case 4:13-cv-03439   Document 9   Filed in TXSD on 01/10/14   Page 6 of 7

to Response. Plaintiff has failed to plead (or demonstrate in the face of incontrovertable evidence) that the price paid at foreclosure was grossly inadequate. Plaintiff's wrongful foreclosure claim is legally insufficient.

### C. Quiet Title Claim

To recover on a claim to quiet title, Plaintiff must prove that she has superior title to the property over Defendants. *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994). The suit "relies on the invalidity of the defendant's claim to the property" and "exists to enable the holder of the feeblest equity to remove from his way to legal title any *unlawful hindrance* having the appearance of better right." *Gordon v. West Houston Trees, Ltd.*, 2011 WL 1598790, *7 (Tex. App. – Houston [1st Dist.] 2011) (internal quotation marks and citations omitted) (emphasis added). For the reasons set forth above, Plaintiff's evidence shows that SunTrust was the assignee of the Deed of Trust. As the assignee of the Deed of Trust, SunTrust had the authority to foreclose on the property. Plaintiff has, therefore, failed to state a viable quiet title claim.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 6] is **GRANTED**. It is further

6

**ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an Amended Complaint on or before **January 27, 2014**. If Plaintiff fails to amend her pleading by that date, the Court will dismiss this case with prejudice. It is further

**ORDERED** that Plaintiff and counsel may not plead a claim for which Plaintiff has no good faith factual and legal basis. *See* FED. R. CIV. P. 11(b); 28 U.S.C. § 1927.

SIGNED at Houston, Texas, this   **10th**   day of **January, 2014**.

_____
Nancy F. Atlas
United States District Judge